10-842-ag
  Yang v. Holder

BIA
Schoppert, IJ
A094 813 695

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of November, two thousand eleven.

PRESENT:
> JON O. NEWMAN,
> ROBERT A. KATZMANN,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

ZHU QING YANG,
> *Petitioner,*

    v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

10-842-ag (L)
10-3588-ag (Con)
NAC

_____

| | |
|---|---|
| FOR PETITIONER: | Richard Tarzia, Belle Mead, New Jersey. |
| FOR RESPONDENT: | Tony West, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; David H. Wetmore, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C. |

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petitions for review are DENIED.

Petitioner Zhu Qing Yang, a native and citizen of the People's Republic of China, seeks review of a decision of the BIA reversing the decision of Immigration Judge ("IJ") Douglas B. Schoppert and denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhu Qing Yang,* No. A094 813 695 (BIA Feb. 17, 2010), *rev'g* No. A094 813 695 (Immig. Ct. N.Y. City Mar. 11, 2008). Yang additionally seeks review of the BIA's denial of her motion to reopen. *In re Zhu Qing Yang,* No. A094 813 695 (BIA Aug. 23, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case. We review the agency's factual findings under the substantial evidence standard, and questions of law de novo. *See Aliyev v. Mukasey*, 549 F.3d 111, 115 (2d Cir. 2008).

## I. Family Planning Claim

To establish eligibility for asylum, an applicant must establish past persecution or a well-founded fear of future persecution. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178

2

(2d Cir. 2004). The BIA has defined persecution as a "threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985), *overruled, in part, on other grounds*, *INS v. Cardoza-Fonseca*, 480 U.S. 421, 423 (1987); *accord Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006). Economic harm may constitute persecution; however, "an applicant for asylum must demonstrate a severe economic disadvantage." *Matter of T-Z-*, 24 I. & N. Dec. 163, 173 (BIA 2007) (internal quotation marks omitted). Indeed, "[t]he economic difficulties must be above and beyond those generally shared by others in the country of origin and involve noticeably more than mere loss of social advantages or physical comforts." *Id.*; *see also Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 67 (2d Cir. 2002) (holding that an asylum applicant must show at least a "deliberate imposition of a substantial economic disadvantage" in order for the harm to constitute economic persecution).

Contrary to Yang's assertion, the BIA did not engage in improper *de novo* review in concluding that she had failed to establish a well-founded fear of future persecution for violating China's family planning policy. The BIA "review[s] questions of law, discretion, and judgment and

3

all other issues in appeals from decisions of immigration judges de novo." 8 C.F.R. § 1003.1(d)(3)(ii). The BIA may also take administrative notice of official documents not considered by the IJ. *Id*. § 1003.1(d)(3)(iv). Accordingly, the BIA did not err in recognizing that the United States Profile of Asylum Claims and Country Conditions for China indicated that United States citizens, such as Yang's children, may travel to China on United States passports, and their parents need not register them as permanent residents in China, thus avoiding any fines or penalties associated with violation of the family planning policy.

The BIA also reasonably concluded that, even accepting, arguendo, the IJ's findings that Yang would be deemed in violation of the policy and assessed a sizeable fine, those facts did not show as a matter of law that Yang would suffer severe economic harm. As the BIA noted, evidence in the record indicated that the severity of any fine would be significantly mitigated by Yang's ability to pay it in installments. *See* 8 C.F.R. § 1003.1(d)(3)(ii) ("The Board may review questions of law . . . de novo"). Accordingly, the BIA did not err in concluding that Yang failed to show a well-founded fear of economic persecution. Furthermore, although Yang continues to maintain, contrary to the IJ's finding, that she risks sterilization upon her return to China, the record does not compel that conclusion.

4

## II.  Motion to Reopen

The BIA did not abuse its discretion in denying Yang's motion to reopen based on her failure to establish *prima facie* eligibility for relief.  *See INS v. Abudu*, 485 U.S. 94, 104 (1988) (holding that the BIA may deny a motion to reopen on the ground that the movant has not established *prima facie* eligibility for the underlying relief sought); *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (reviewing BIA's denial of a motion to reopen or reconsider for abuse of discretion).

As the BIA found, Yang failed to establish her *prima facie* eligibility for asylum, because she did not submit any evidence showing that Chinese officials were aware, or would become aware, of her religious activities.  *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) ("Put simply, to establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities.").  Moreover, the country conditions information that Yang submitted did not compellingly demonstrate that Mormons were mistreated in China.  None of the materials mentioned Mormonism specifically, and a U.S. State Department report included in

5

the record indicated that the "treatment of unregistered [religious] groups varied significantly from region to region."

The BIA's exercise of its discretion was proper in any case, because Yang also failed to submit a new asylum application with her motion to reopen, as required to do under the regulations.  *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting documentation.").

For the foregoing reasons, the petitions for review are DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
